IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA MCJUNKIN, | ) |
| | ) |
| Plaintiff, | )   1:20-cv-00494 |
| | ) |
| v. | ) |
| | ) |
| RADIUS GLOBAL SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, ANGELA MCJUNKIN, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, RADIUS GLOBAL SOLUTIONS, LLC, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. ANGELA MCJUNKIN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Plainfield, County of Hendricks, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. RADIUS GLOBAL SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana.  Defendant is incorporated in the State of Indiana.

7. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. On or about October 26, 2017, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy (hereinafter, the "bankruptcy petition") in the United States Bankruptcy Court for the Southern District of Indiana, commencing bankruptcy case number 17-08146-JJG-7.

10. At the time Plaintiff filed his bankruptcy petition, she owed a debt to Toyota Motor Credit Corporation.  The debt was for a deficiency balance that remained after Defendant repossessed a vehicle from Plaintiff.

11. Plaintiff scheduled the aforementioned debt in her bankruptcy petition as an unsecured debt.

12. At the time Plaintiff filed her bankruptcy petition, she owed no other debt to Defendant.

13. At the time Plaintiff filed her bankruptcy petition, she had no other accounts with Defendant.

14. On or about February 13, 2018, the United Stated Bankruptcy Court for the Southern District of Indiana entered an order discharging Plaintiff, thereby extinguishing her liability for the aforementioned debt owed to Defendant.

15. On or about February 15, 2018, The United Stated Bankruptcy Court for the Southern District of Indiana served a Certificate of Notice on Defendant, which included a copy of Plaintiff's Order of Discharge.

16. At no time since February 13, 2018 has Plaintiff owed any debt to Defendant.

17. At no time since February 13, 2018 has Plaintiff had any accounts open with Defendant.

18. At no time since February 13, 2018 has Plaintiff had any personal credit account with Defendant.

19. At no time since February 13, 2018 has Plaintiff had any personal business relationship with Defendant.

20. Given the facts delineated above, at no time since February 13, 2018 has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

21. Given the facts delineated above, at no time since February 13, 2018 has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

22. On or about July 26, 2018, May 9, 2019, and August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Trans Union LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

23. At no time on or prior to July 26, 2018, May 9, 2019, or August 28, 2019 did Plaintiff consent to Defendant accessing his individual and personal credit reports.

24. On or about July 26, 2018, May 9, 2019, and August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports without a legitimate business reason to do so.

25. On or about July 26, 2018, May 9, 2019, and August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports impermissibly.

26. On or about July 26, 2018, May 9, 2019, and August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit reports without first informing Plaintiff of its intent to do so.

27. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant reviewed Plaintiff's private information.

28. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

29. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's payment history on his individual credit accounts.

30. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

31. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Plaintiff's private financial information was published to Defendant.

32. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

33. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Defendant impermissibly obtained personal information about Plaintiff, such as his current and past addresses; date of birth; employment history; and, telephone numbers.

34. On or about July 26, 2018, May 9, 2019, and August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit reports, Plaintiff's personal information, as delineated above, was published to Defendant.

35. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

36. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.    JURY DEMAND

37. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANGELA MCJUNKIN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANGELA MCJUNKIN**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: February 13, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithmarco.com